## David Young's Estate.  David Young's Appeal.

[Marked to be reported.]

*Husband and wife—Tenancy by entireties—Deed—Mortgage.*

Where a deed would create neither a tenancy in common nor a joint tenancy in unmarried persons, it will not create a tenancy by the entireties, though the grantees may be described as husband and wife.

A mortgage was assigned to David Young and Elizabeth Young his wife, "to have and to hold to the said David Young and Elizabeth Young his wife, their heirs assigns forever in equal moieties or one half parts as tenants in common; that is to say, one full equal moiety or one half part unto the said David Young, his heirs, executors and assigns, and the other full, equal moiety or one-half part to Elizabeth Young, her heirs, executors and assigns." *Held* that the assignees of the mortgage each took an estate in severalty in one half of the mortgage debt, and not an estate by entireties.

*Assignment of mortgages—Laches—Estate by entireties.*

In the above case Elizabeth Young survived her husband and was the executrix of his will. She settled her account as executrix, and it was duly confirmed. She died eight years after the confirmation of the account; during which time a grandson of David and Elizabeth Young was of full age, and he neither appealed from the decree of confirmation, nor applied for a review of the account. *Held,* that he was barred by his laches from requiring the executor of his grandmother to file an account showing the disposition made by his grandmother of the one half of the mortgage held by his grandfather under the assignment.

Argued Jan. 28, 1895.  Appeal, No. 216 July T., 1894, by David Young, from decree of O. C. Phila. Co., Jan. T., 1884, No. 137, dismissing petition for citation to account in estate of David Young, deceased.  Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.  Affirmed.

Petition for citation upon Henry K. Fox, executor of Elizabeth Young, deceased, executrix of David Young, deceased, to file a supplemental account of said Elizabeth Young as executrix of the estate of David Young, deceased.

From the record it appeared that on January 15, 1879, David Young and Elizabeth Young conveyed a tract of land to Charles E. Johnson for the consideration of $12,000.  Mrs. Young insisted before executing the deed, that she should be paid $3,000, to which her husband finally agreed.  Part of the purchase

money was used in paying off an existing mortgage; part in paying off liens for taxes, etc. A purchase money mortgage for six thousand dollars ($6,000) was made to David Young; and the balance, something over two thousand dollars ($2,000), was paid to David Young in cash. At the time of settlement, David Young assigned the mortgage for $6,000 to Henry K. Fox, who immediately re-assigned it to David Young and Elizabeth Young, his wife, upon the following terms: "To have and to hold to the said David Young and Elizabeth Young, his wife, their heirs and assigns forever in equal moieties or one-half parts as tenants in common; that is to say, one full equal moiety or one-half part to the said David Young, his heirs, executors and assigns and one full equal moiety or one-half part to the said Elizabeth Young, her heirs, executors and assigns."

This mortgage for $6,000 was made payable in five years. David Young died on March 20, 1882. It was extended by Elizabeth Young, and was finally paid off and satisfied by her in January, 1886. David Young left a will by which he made his wife his executrix, and gave and devised all of his property to her during her life or widowhood, with remainder to his children, according to the intestate law. Besides his wife, he left surviving him a daughter, Annie Simons, and a grandson, David Young, the petitioner, who was a son of a deceased son. At the time of David Young's death, the grandson was between sixteen and seventeen years old, having been born December 3, 1865. He testified that he had been told of the existence of this mortgage by his grandfather, and that he also heard of it from his grandmother in her lifetime. When David Young died he had on deposit with his agents about $700, all that was left of the cash that had been paid him for the property in January, 1879. It was proved that the rest had been used by David Young for his personal expenses. His widow, who was made executrix, filed her inventory in due time, which included the cash item of $700 and some household effects, but made no mention of the mortgage. She filed her first and only account in January, 1884, in which she charged herself with the amount of the inventory and appraisement, and showed a net balance of $229.38, which was awarded to her for life.

The appellant, David Young, came of age on December 3, 1886. His grandmother, Elizabeth Young, died on December 9,

1892, six years afterward, leaving a will appointing Henry K. Fox executor, and in which she made various bequests and legacies. The executor filed his account in the orphans' court in February, 1894; whereupon the appellant filed his petition to compel the executor to file an account of Elizabeth Young as executrix of David Young, and to account for the one half of the mortgage of $6,000. The executor demurred to this petition on the ground that it was really a petition of review, and, being such, was barred by the lapse of time since the confirmation of the account of Elizabeth Young. The demurrer was overruled by the court, and leave given to the respondent to answer.

The respondent, having filed his answer, the matter was referred to an examiner to take testimony, and, upon his report having been filed, the matter was argued upon the petition, answer and testimony. In the court below, the respondent relied principally upon the claim that, upon the death of David Young, his widow became entitled to the whole mortgage by right of survivorship; at the same time, however, it was insisted that the petitioner had lost all right to any remedy by reason of his *laches*. The court, in an opinion by Hanna, P. J., held that, Elizabeth Young having survived her husband, the whole mortgage became vested in her, and that neither she nor her executor need account for it.

The court entered a decree dismissing the petition. David Young appealed.

*Error assigned* among others was decree dismissing petition.

*W. H. Woodward*, for appellant.—The assignment of the mortgage created an estate in severalty in David Young in one half of the mortgage : Coke on Littleton, 187 ; Stuckey v. Keefe's Exrs., 26 Pa. 397 ; Thomas Coke, 855 ; Neave v. Edwards, 2 Yeates, 462 ; 2 Bl. Com. 182 ; 2 Cruise's Digest, 492 ; Preston on Estates, 131 ; 2 Preston on Abst. 41 ; 1 Preston on Est. 132 ; 4 Kent, 363 ; 1 Reed's Bl. 470 ; 1 Wash. on Real Prop. 426 ; 4 Kent's Com. 363 ; 9 Am. & Eng. Ency. of Law, 851 ; Diver v. Diver, 56 Pa. 106 ; Gillan's Exrs. v. Dixon, 65 Pa. 395 ; Bramberry's Est., 156 Pa. 628 ; Donnelly's Est., 7 Co. Ct. 196 ; McDermott v. French, 15 N. J. Eq. 80 ; Buttlar v.

Rosenblath, 8 Cent. Rep. 353; Fladung v. Rose, 58 Md. 13; Marburg v. Cole, 49 Md. 402; Dias & Burn v. Glover, 1 Hoff. Ch. 71; Meeker v. Wright, 76 N. Y. 267; Bertles v. Nunan, 92 N. Y. 152; Bramberry's Ap., 156 Pa. 628; Hicks v. Cochran, 4 Edwards' Ch. Rep. 114; 2 Prest. on Abst. Tit. 41; act of April 11, 1848, sec. 6, P. L. 536; act of April 15, 1751, sec. 22, P. L. 675; act of April 11, 1856, sec. 4, P. L. 315; June 2, 1871, sec. 1, P. L. 283; act of February 1872, sec. 1, P. L. 21; act of April 3, 1872, sec. 1, P. L. 35; act of March 18, 1875, sec. 1, P. L. 24; act of May 25, 1878, sec. 1, P. L. 152; act of April 9, 1879, sec. 1, P. L. 16; act of June 3, 1887, sec. 1, P. L. 332; act of June 8, 1893, P. L. 344; Taylor v. Birmingham, 29 Pa. 308.

*David Wallerstein, Wm. Henry Fox* with him, for appellee.— The assignment created an estate by entireties: Lodge v. Hamilton, 2 S. & R. 493; Donelley Est., 37 Leg. Int. 130; Taylor v. Birmingham, 29 Pa. 308; McKinney v. Hamilton, 51 Pa. 63; Johnson v. Hart, 6 W. & S. 319; Robb v. Beaver, 8 W. & S. 107; Fairchild v. Chastelleux, 1 Pa. 176; Slaymaker v. The Bank, 10 Pa. 373; Auman v. Auman, 21 Pa. 343; Stuckey v. Keefe's Ex., 26 Pa. 397; Martin v. Jackson, 27 Pa. 504; Bates v. Seely, 46 Pa. 248; Diver v. Diver, 56 Pa. 106; French v. Mehan, 56 Pa. 286; McCurdy v. Canning, 64 Pa. 39; Gillan's Ex. v. Dixon, 65 Pa. 395; Holcomb v. Savings Bank, 92 Pa. 338; Fleck v. Zillhaver, 117 Pa. 213; Bramberry's Ap., 156 Pa. 628.

Appellant's laches defeats his right to relief.

OPINION BY MR. JUSTICE WILLIAMS, March 18, 1895:

It appears from the petition and answer that David Young was in 1879 the owner of certain real estate in Philadelphia. He sold it in that year to C. E. Johnson for twelve thousand dollars payable one half in cash and one half in mortgage secured on the premises. Elizabeth Young, the wife of David, refused to join her husband in executing a deed to the purchaser unless she was paid three thousand dollars out of the purchase money. Her husband finally agreed to this, the deed was executed and delivered to the purchaser, and the money and the mortgage turned over to Young. But some four thou-

sand dollars of the money seems to have been required to pay liens upon the land sold and it became necessary to pay Mrs. Young out of the mortgage. In order to do this Young assigned the mortgage to H. K. Fox, his attorney, who immediately reassigned it to David Young and Elizabeth Young his wife, " to have and to hold to the said David Young and Elizabeth Young his wife, their heirs, assigns forever, in equal moieties or one half parts as tenants in common ;. that is to say, one full equal moiety or one half part unto the said David Young, his heirs, executors and assigns, and the other full, equal moiety or one half part to Elizabeth Young, her heirs, executors and assigns." Our first question is over the effect of this assignment by Fox to David Young and Elizabeth Young. The orphans' court held that it vested the title to the mortgage in the husband and wife as tenants by the entireties so that upon the death of either, the survivor became the owner in severalty of the entire mortgage. The general rule that a conveyance to husband and wife as such whether they are described in the deed as tenants in common or as joint tenants, vests in them an estate as tenants by entireties is well settled. The reason of the rule is clearly stated by Blackstone in the second volume of his Commentaries on page 182 thus, " If an estate in fee be given to a man and his wife they are neither properly joint tenants nor tenants in common ; for husband and wife being considered as one person in law, they cannot take the estate by moieties but both are seized of the entirety, per tout et per my ; the consequence of which is that neither the husband nor the wife can dispose of any part without the assent. of the other, but the whole must remain to the survivor." This is the rule in this state. In Johnson v. Hart, 6 W. & S. 319, the conveyance was in express words to the husband and wife as tenants in common, but we held, in accordance with the rule just stated, that they were tenants by entireties. Being one person in law a conveyance to them as husband and wife was necessarily a conveyance to the survivor. But it by no means follows that a grantor cannot convey to them as individuals. Nobody ever doubted that the husband was competent to take in severalty ; and under recent legislation the competency of the wife to take and hold real estate as her own is just as clear as that of the husband. As to this subject the legal unity of husband and

wife has been so far impaired as to enable the wife to use and enjoy her separate estate free from any right of possession or control by her husband. The cases cited by the appellant do not reach the real point of contention. The whole line of cases from Lodge v. Hamilton, 2 S. & R. 491, down to Bramberry's Appeal, 156 Pa. 628, is fairly within the rule as laid down by Blackstone. Perhaps the most frequently cited case is that of Stuckey v. Keefe's executors, and we fully approve, and are ready in any proper case to follow the doctrine there stated. It was restated in Bramberry's Appeal, supra, by our brother McCOLLUM very clearly. He said in substance that words which in a conveyance to unmarried persons would create a joint tenancy or a tenancy in common, would create where the grantees were husband and wife, and they were so named in the conveyance, a tenancy by the entireties. The converse of this proposition is equally true, viz., that where the deed would create neither a tenancy in common nor a joint tenancy in unmarried persons it will not create a tenancy by the entireties though the grantees may be described as husband and wife. This is illustrated by a case put by Preston in his treatise on Estates, vol. 1, p. 132, as follows: a lease is to be made to three persons, to A for life, to B in tail, and to C, his wife, for years. Here each takes in severalty, for a several estate is granted to each. LEWIS, C. J., in commenting on the case put by Preston, said in Stuckey v. Keefe, supra, "We do not see how it could be otherwise. The wife under her lease for years acquired no interest in her husband's estate in tail and could have no claim to hold it as survivor in case of the death of the husband; and the husband by virtue of a conveyance to him in tail acquired no interest in his wife's term. The interest which each would acquire in the estate of the other would not be through the grant to the party acquiring it but would be such as the law of marriage carves out of the estate granted to his or her companion." In other words, the nature of the thing granted, and the words of the grant, are to be taken into consideration as well as the existence of the marriage relation between the grantees. With this distinction in mind let us now turn to the assignment from Fox to David and Elizabeth Young, and see what, and in what manner, it grants to each. It transfers the whole mortgage debt to the grantees, and in a

sort of habendum clause undertakes to describe the interest which each shall take. It says they shall hold in equal moieties or one half parts as tenants in common. This shows an intent that they shall not take by entireties but as tenants in common. But the assignor seems at this point to have recalled the fact that he was transferring, not real, but personal property,—the evidence of a debt, and he immediately adds by way of explanation " that is to say, one full equal moiety or half part to the said David Young, his heirs, executors and assigns, and the remaining one full equal moiety or half part thereof to the said Elizabeth Young, her heirs, executors, administrators and assigns." This was a grant to each in severalty. If David Young should die this assignment in express words carried his half to his heirs, personal representatives or assigns and not to his wife as survivor. If Elizabeth Young had died before her husband her one half of this mortgage was her separate estate, to be disposed of by her will or to go into the hands of her personal representative for disposal under the intestate laws. Without explanation by the grantor the words first used to describe the respective interests of his grantees would have given them a joint interest, to which a right of survivorship would have attached by operation of the rule relied on by the court below. But the grantor did not leave his intention to stand upon words about whose effect he evidently felt uncertain, but proceeded to put in other words, words of whose meaning he felt sure, just what he intended and what was exactly in accordance with the understanding of all the parties.

These words give one half of the mortgage debt to each in severalty, and provide for the sale by either of his or her part without the assent of the other, and in case no sale should be made carry the share of each to his or her heirs or personal representatives. To hold otherwise would be to disregard and absolutely to subvert the intention of the assignor, and the arrangement under which the assignment was made. If Fox had executed two assignments, one to the wife, her heirs and assigns for one half of the mortgage, and the other to the husband for the remaining half to hold for himself, his heirs and assigns it is not likely that this contention would ever have arisen. He really did this, but put both instruments in the same paper. Their effect is precisely the same it would have been if he had

separated them and executed and delivered each by itself. If the intent was left in doubt upon the terms of the paper instead of being, as it is, quite plain, recourse could be had to the circumstances out of which the assignment grew and the character of the entire transaction could be taken into the account in order to resolve the doubt and settle the meaning of the instrument: Taylor v. Birmingham, 29 Pa. 306; Dexter v. Billings, 110 Pa. 135. All the evidence was before the court. It appeared that the property belonged to David Young. His wife demanded as the price of her joining in the deed that she should have three thousand dollars out of the purchase money. Her husband yielded to her demand. The assignment by Young to Fox and the assignment of the same mortgage in equal half parts to Young and to his wife was the method resorted to to carry out the bargain between Young and his wife and give to her the three thousand dollars out of the purchase money to hold as her separate property free from the control and the survivorship of her husband. But we are nevertheless of the opinion that the decree must be affirmed. The laches of the petitioner were properly held to be a fatal barrier in the way of the relief sought. He is a grandson of David Young and Elizabeth Young. She survived her husband and was the executrix named in his will. She settled her account as executrix and it was duly confirmed. She survived the confirmation of her account more than eight years. During about eight years of this time the petitioner was of full age. He neither appealed from the decree of confirmation nor applied for a review of the account. He waited till her death, and till her executor is engaged in the settlement of her estate, and then asks by this petition that her executor be required to file an account showing the disposition made by his grandmother of the one half of the mortgage held by David Young under the assignment by Mr. Fox. This is in effect an attempt to open by indirection the decree of confirmation made upon the final settlement of Elizabeth Young as executrix of David Young. That decree stands unappealed from and it cannot now be disturbed in the manner attempted.

For this reason the petition was rightly dismissed and the decree of the orphans' court is affirmed.