# Hoover *v.* Potter, Appellant.

*Husband and wife—Estate by entireties.*

1. A deed dated March 30, 1907, conveying land to a husband and wife, naming them as such, "as tenants in common," vests in the husband and wife an estate by entireties, and not an estate as joint tenants or tenants in common.

2. There is nothing in the married women acts of 1848, 1887 and 1893, which changes the common-law rule that a devise or grant of real estate to a husband and wife gives a title by entireties.

Argued Oct. 19, 1909. Appeal, No. 214, Oct. T., 1909, by defendant, from judgment of C. P. Franklin Co., Sept. T., 1909, No. 241, for plaintiff on case stated in suit of James B. Hoover, Executor of the Last Will and Testament of Annie E. Beecher, deceased, v. Jeremiah Potter. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, BEAVER and PORTER, JJ. Affirmed.

Case stated to determine marketable title to real estate. Before GILLAN, P. J.

From the record it appeared that on March 30, 1907, the land in controversy was conveyed by deed to John H. Beecher and Annie E. Beecher, his wife, "as tenants in common." Annie E. Beecher survived her husband, John H. Beecher, and by her will directed that the land in question should be sold, and the proceeds thereof distributed in the manner stated

22    HOOVER *v.* POTTER, Appellant.

Statement of Facts—Opinion of the Court.    [42 Pa. Superior Ct.

in the will. The executor of Mrs. Beecher contracted to sell the land to defendant, Jeremiah Potter, who refused to take the title. The court in an opinion by GILLAN, P. J., decided that the deed vested in the husband and wife an estate by entireties, and that upon the death of her husband, Mrs. Beecher took an estate in fee simple. He accordingly entered judgment for plaintiff for $775.

*Error assigned* was in entering judgment for plaintiff on the case stated.

*J. A. Strite,* for appellant, cited: Alles v. Lyon, 216 Pa. 604; Parry's Est., 188 Pa. 33; Hetzel v. Lincoln, 216 Pa. 60

*Watson R. Davison,* with him *D. Watson Rowe,* for appellee, cited: McCurdy v. Canning, 64 Pa. 39; Stuckey v. Keefe, 26 Pa. 397; Bramberry's Est., 156 Pa. 628; Young's Est., 166 Pa. 645; Parry's Est., 188 Pa. 33; Merritt v. Whitlock, 200 Pa. 50.

OPINION BY HENDERSON, J., March 3, 1910:

It is an established doctrine of the common law that a devise or grant of real estate to a husband and wife gives a title by entireties and not as joint tenants or tenants in common. Lord Kenyon said in Doe v. Parratt, 5 T. R. 652, "It has been settled for ages that where a devise is to the husband and wife they take by entireties and not by moieties." Each has the entire use of the whole. Neither can convey so as to sever the tenancy, as the whole of the estate belongs to each. This is also the rule in Pennsylvania as shown in Stuckey v. Keefe's Executors, 26 Pa. 397, where the subject is elaborately discussed and in which it was held that the rule was not one for merely ascertaining the meaning of words but a declaration of law founded on the rights and incapacities of the matrimonial union and that the intention of the parties to the conveyance is immaterial; and to like effect are all our authorities. After the passage of the act of 1848 relating to the rights of married women it was contended that this statute changed the rule of common law, but in Diver v. Diver, 56 Pa. 106, this proposition

was denied. The object of the statute was said to be to protect the wife's property by moving it from under the dominion of the husband; not to destroy the oneness of husband and wife, the single purpose of the statute being to secure to the wife property which she owned at the time of her marriage or which accrued to her afterwards; all of which had reference to the enjoyment by the wife of that which was hers; not the force and effect of the instrument by which she acquired it. In other words, the act did not operate on the nature of the estate. So also in Gillan's Executors v. Dixon, 65 Pa. 395, where it was expressly said that the act of 1848 did not change this principle of the common law, nor was it intended to destroy the legal unity of persons which characterizes the relation of husband and wife. After the passage of the act of June 3, 1887, the question again arose, and it was determined that the effect of that act was not to change the nature of the wife's estate or to destroy the legal unity of husband and wife, but to protect the property of the wife from the husband's control, and that the same reasoning which induced the conclusion in Diver v. Diver, supra, required the court to hold that the act of 1887 had no effect on the character of the estate acquired: Bramberry's Appeal, 156 Pa. 628. The act of 1887 was repealed by the act of June 8, 1893; but the latter act does not materially change the provision of the act of 1887 with reference to the capacity of a married woman to acquire real estate. Young's Estate, 166 Pa. 645, was decided a year and a half after the passage of the act of 1893, and in that case the court said: "The general rule that a conveyance to husband and wife as such whether they are described in the deed as tenants in common or as joint tenants vests in them an estate as tenants in entireties is well settled." It is true the mortgage which was the subject of consideration in that case was executed in 1879, but the language of the court indicates quite clearly that the law had not been changed by subsequent legislation. In like manner it was determined in Parry's Estate, 188 Pa. 33, that a joint tenancy existed as to two letters of credit in favor of the husband and wife, notwithstanding the acts of 1848 and 1887, which were said to have no application to the case. It seems

probable that the reference of the court in this case was intended to be to the act of 1893 rather than that of 1887 for the letters of credit were obtained in 1895, and the only act which could have been considered relevant was that of 1893, which had repealed the act of 1887. In McCurdy & Stevenson v. Canning, 64 Pa. 39, the conveyance was to the grantees as tenants in common, yet it was held in the court below in an opinion which was adopted by the Supreme Court that this did not affect the question and that the estate was one by entireties. And to the same effect is the opinion of Judge WILLIAMS in Young's Estate, 166 Pa. 645. In Merritt v. Whitlock, 200 Pa. 50, a doubt was suggested by Justice MITCHELL whether the statutes in relation to married women had not removed the reason for the rule, and he considered it an open question whether the husband and wife might not take as well as hold in common if that were the actual intention. The question was not decided, however, and the case cannot, therefore, be considered as an authority overruling the decisions referred to. It should be noted, however, that the deed in that case contained the following clause: "And it is hereby understood, defined and mentioned and described that the aforesaid described piece of land, Sarah Whitlock, wife of Nathan Whitlock, has absolutely to and for her own right in fee simple the undivided one-half part or portion." It might be argued with good reason that under the peculiar language of this deed there was an express grant of an undivided one-half to the wife. The restrictions of the act of 1893, on married women with reference to actions against their husbands, are inconsistent with the theory of a tenancy in common in the case of a conveyance to husband and wife and a material incident to such an estate is withheld; to wit: the right of the wife to divide her estate or to protect it from her husband by adverse legal proceedings, where he has not deserted her or refused to support her. It seems consistent, therefore, with the objects of these statutes and prior adjudications on the same subject to hold that the conveyance in this case created an estate by entireties.

It follows that the judgment is affirmed.