## Coates's Estate.

*Wills—Construction—Gifts of residue to husband and wife.*

Testatrix directed that the residue of her estate should be divided "equally share and share alike" between A and B, A's daughter; C and wife; D and wife; E and wife; F and wife; G; H; and I: *Held*, that, notwithstanding the legal unity of husband and wife, each took a full share of the residue in his or her own right, as otherwise the direction that the fund should be divided "equally share and share alike" could not be given effect.

Exceptions to adjudication. O. C. Phila. Co., July T., 1923, No. 2235.

*Joseph A. Culbert*, for exceptants; *Samuel J. Taylor*, contra.

THOMPSON, J., Dec. 1, 1923.—Testatrix directed that her residuary estate be divided "equally share and share alike between the following" in language as follows: "All the remainder of my Estate I order to be divided equally share and share alike between the following—Mrs. Mary Brooks and May Brooks her daughter, Howard H. Brooks and wife, Walter S. Brooks and Mary his wife, Frank R. Brooks and Helen his wife, Clarence Eugene Brooks and Helene his wife, Bessie D. Brooks, Mary Emma Brooks and Dr. Wm. S. Wray."

It was argued that, in case of those beneficiaries described as husband and wife, they took one share between them, thus reducing the number of shares to nine, and not thirteen, as held by the auditing judge.

Where real property is conveyed or devised to husband and wife, and a third person or persons, the husband and wife, being but one person in law, will together take only an undivided moiety or half of the estate, leaving the other half to the third person, or if there are two other grantees or devisees, then husband and wife will take only one-third of the subject-matter, and so on in accordance with the number of persons entitled. As between themselves, husband and wife are tenants by entireties of their share, but as to the third person, they are together a joint tenant with him. Upon the death of one of the married pair, the surviving husband or wife will still hold a joint tenancy with the third person, and no title of survivorship becomes vested in such third person until the death of both husband and wife. See Johnson *v.* Hart, 6 W. & S. 319, cited in Young's Estate, 166 Pa. 645.

The question here, however, is not as to the quality of the estates given to any of the legatees, but who are the legatees the testatrix intended to take. Some of them, instead of being named individually, are described by their relation to others, one as daughter, others as the wife of the named persons. The controlling thought of testatrix, however, is that the estate is to go in equal shares, and the words of relationship are used merely as a description of the persons who are to take. In Young's Estate, 166 Pa. 645, the second paragraph of the syllabus is as follows:

"A mortgage was assigned to David Young and Elizabeth Young, his wife, 'to have and to hold to the said David Young and Elizabeth Young, his wife, their heirs, assigns forever in equal moieties or one-half parts as tenants in common; that is to say, one full equal moiety or one-half part unto the said David Young, his heirs, executors and assigns, and the other full, equal moiety or one-half part to Elizabeth Young, her heirs, executors and assigns.' Held, that the assignees of the mortgage each took an estate in severalty in one-half of the mortgage debt, and not an estate by entireties."

Mr. Justice Williams in the latter case says: "Being one person in law, a conveyance to them as husband and wife was necessarily a conveyance to the survivor; but it by no means follows that a grantor cannot convey to them as individuals."

3 D. & C.

Coates's Estate.

In the case at bar effect cannot be given to the testatrix's positive direction of equality unless each person named or clearly designated be given an equal share, and to sustain the exceptions in this case would require us to ignore her positive direction that her residuary estate should be divided "equally share and share alike." See Loeser's Estate, 2 D. & C. 250.

For the above reasons, the exceptions are dismissed and the adjudication is confirmed absolutely.