### In re: Estate of Mary R. Vandergrift.

294

Argued May 5, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunning-
ham, Stadtfeld and Parker, JJ.

B. H. Smyers, Jr., and with him Bert H. Smyers, for
appellant.

William A. Schnader, Attorney General, and with
him H. Stanley Douglass, for appellee.

Opinion by Gawthrop, J., July 14, 1932:

Mary R. Vandergrift, a resident of this State, died
January 12, 1929, intestate, leaving to survive her a
husband, Louis F. Vandergrift, the appellant, a son,
and two grandchildren, who are the children of a de-
ceased son. By deed dated September 20, 1889, and
duly recorded in Allegheny County, the decedent be-
came the owner of a certain piece of real estate in
the City of Pittsburgh. On May 11, 1928, the decedent

and her husband executed and delivered a deed for said land to herself and her husband. The deed was in statutory form, "Louis F. Vandergrift and Mary R. Vandergrift, his wife," being named as grantees. After Mrs. Vandergrift's death the Commonwealth assessed a transfer inheritance tax on this real estate as the property of the decedent. The husband appealed from the assessment on the ground that by the deed referred to he and his wife became seized of the real estate as tenants by entireties; that upon the death of his wife he became the sole owner thereof, and that, therefore, no transfer inheritance tax was due. The Commonwealth answered that the deed conveyed only an undivided one-half interest to the husband; that the other one-half interest remained in the wife and that the tenure of the parties after the delivery of the deed was as tenants in common and, at the death of the wife, her undivided one-half interest in the real estate became subject to the payment of transfer inheritance tax. The court below adopted the view of the Commonwealth and dismissed the petition. The husband brings this appeal.

The controlling question presented for our determination is, what estate did appellant and his wife acquire by virtue of the deed to which reference has been made. The answer seems to depend upon the answer to another question which counsel for both parties correctly state thus: "May a married woman, who is the sole owner of real property, convey it, with the joinder of her husband, to her husband and herself, without the intervention of a trustee, so as to create in the husband and wife an estate by entireties?" The question is new and not free from difficulty. There would seem to be no doubt that the decedent intended to convey to her husband and herself an estate by entireties. It is a cardinal rule in the interpretation of conveyances that every deed should be so construed

as to give effect to the intent of the parties, unless inconsistent with some rule of law or repugnant to the terms of the grant. The common law rule was that a conveyance to husband and wife is presumed to create an estate by entireties: Merritt v. Whitlock, 200 Pa. 50. While the recent cases decided since the passage of the Married Women's Property Acts, have held that a conveyance to husband and wife granting distinctly defined undivided parts or individual estates to each, will not be construed to create an estate by entireties as against an express intent of the parties that they shall take otherwise (Blease v. Anderson, 241 Pa. 198; Merritt v. Whitlock, supra; and Young's Estate, 166 Pa. 645), and that a husband and wife may take and hold as tenants in common, as individuals and not as a common law unity, if that be the actual intent, it is still the law that where the deed to a husband and wife discloses no intention to create any estate but one by entireties, such an estate is created in the grantees. The deed under consideration discloses no other intent. It follows that an estate by entireties passed to the grantees if the decedent could convey such an estate to herself and her husband by the method adopted.

The court below held that she could not do so, because she could not convey directly to herself. It seems that this was the rule under the common law theory of grants or transfers of an interest in land, which required distinct and separate grantors and grantees. But our Act of May 13, 1927, P. L. 984, known as the Uniform Interparty Agreement Act, and entitled "An Act relating to transactions between a person acting on his own behalf and the same person acting jointly with others, and to make uniform the law relating thereto," provided as follows: "That a conveyance, release or sale may be made to, or by, two or more persons acting jointly, and one or more, but

less than all of these persons, acting either by himself or themselves or with other persons, and a contract may be made between such parties.'' The opinion of the court below makes no reference to this statute. To us it seems clear that one of the manifest purposes of the statute was to enable one person to make a conveyance of his land to another person jointly with himself and in that manner to divest himself of his entire estate therein. Husband and wife have long ceased to be one person in the contemplation of our statutory law. The wife has now full property rights independent of her husband. The Act of June 3, 1911, P. L. 631, declared ''that it shall be lawful for a married woman to make conveyances of real estate to her husband as if she were a feme sole.'' In spite of the ''legal notion of the unity of two persons, who are husband and wife, which gives occasion to the construction of an *entirety* of interest on their tenancy'' (1 Preston on Estates, p. 132), in point of fact, a husband and wife are distinct and individual persons, and, as we have shown, land may be conveyed to them in severalty, they thereby being treated in such a case without any respect to their social union, as other distinct and individual persons. In our view the Act of 1927, when considered in the light of the statutes enlarging the powers of married women and securing them control of their individual property, real and personal, should be construed as making it possible for a married woman to convey her real estate directly to her husband and herself in the same manner that she could convey it to any other person jointly with her. We think that the words ''other persons'' in the Act of 1927 should be interpreted to include the husband or wife of a grantor in a deed of conveyance. This was the conclusion reached by the Supreme Court of Rhode Island in Lawton v. Lawton, 48 R. I. 144, 136 Atl. 241, in construing a statute which provided that ''lands

......may be conveyed by a husband to his wife......
alone or jointly with another person." We hold, there-
fore, that the title which passed under the deed here
involved was the decedent's fee simple title; that the
deed conveyed to appellant and his wife an estate by
the entireties in the real estate, with the right of sur-
vivorship incident to that tenancy; and that no interest
in the estate passed from the wife to the husband at
her death. It follows that there is no liability to the
Commonwealth for any part of the transfer inheri-
tance tax here involved.

The decree of the orphans' court is reversed and the
petition is reinstated, with direction to enter an order
not inconsistent with this opinion, costs of this appeal
to be paid by the appellee.