## Reynolds' Estate

*Richard E. Carey*, for appellant.
*George M. Mason*, contra.

WAITE, P. J., August 2, 1934.—Elizabeth B. Reynolds died testate on May 17, 1933. On April 12, 1933 decedent, who was then the owner of a house and lot known as

No. 824 Poplar Street in the City of Erie, Pa., conveyed the same to Richard E. Carey, her attorney, who in turn on the same day conveyed the property to the said Elizabeth B. Reynolds and Nelson G. Reynolds her husband, as tenants by the entirety. Both of said deeds were duly recorded on April 15, 1933. On April 13, 1933, the day following the making of said conveyances, the said Elizabeth B. Reynolds made her last will and testament, devising and bequeathing her estate to her said husband, Nelson G. Reynolds, and naming him as executor.

The executor filed an inventory and paid the direct inheritance tax on all of the estate except the above mentioned house and lot. The Commonwealth seeks to impose a tax upon the value of the said real estate, claiming that the said property is liable to a direct inheritance tax for the reason that it was conveyed away from the decedent less than 1 year prior to her decease, that it was a material part of her estate, was conveyed without consideration and in contemplation of death within the meaning of the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, as amended by the Act of May 16, 1929, P. L. 1795, sec. 1 (c), which amending act provides, inter alia, as follows:

"a tax shall be, and is hereby, imposed upon the transfer of any property, real or personal, or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations in the following cases:

"(c) When the transfer is of property made by a resident, or is of real property within this Commonwealth, or of goods, wares, and merchandise within this Commonwealth, or of shares of stock of corporations of this Commonwealth, or of national banking associations located in this Commonwealth, made by a non-resident, by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, vendor, or donor, or intended to take effect in possession or enjoyment at or after such death.

"If such transfer is made within one year prior to the

death of the grantor, vendor, or donor of a material part of his estate, or in the nature of a final disposition or distribution thereof, and without an adequate valuable consideration, it shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this clause."

The executor of the said estate claims that clause (c) does not apply to this estate for the reason that clause (e) of section 1 of the same act excepts estates held by the entirety, said clause being as follows:

"Whenever any property, real or personal, is held in the joint names of two or more persons, except as tenants by the entirety, or is deposited in banks or other institutions or depositories in the joint names of two or more persons, except as husband and wife, and payable to either or the survivor upon the death of one of such persons, the right of the surviving person or persons entitled to the immediate ownership or possession and enjoyment of such property shall be deemed, prima facie, a transfer of one-half, or other proper fraction thereof, taxable under the provisions of this act, in the same manner as though this part of the property to which such transfer relates belonged to joint tenants or joint depositors as tenants in common, and had been bequeathed or devised to the surviving person or persons by such deceased joint tenant or joint depositor by will."

This section is intended primarily to make the one half or other proper fractional part of property, both real and personal, including joint bank accounts, payable to the survivor, subject to the transfer inheritance tax. It excepts from the operation of this section property held as tenants by the entirety and bank deposits standing in the joint names of husband and wife. It does not exempt such estate held as tenants by the entirety from the other inheritance tax provisions of the act, and is not in conflict with section (c) of said act relating to the taxing of real

estate made in contemplation of death. Any other interpretation of this section would permit the defeat of the transfer inheritance tax provision on all real estate held by either husband or wife by a transfer to them as joint tenants at any time prior to the death of either. Statutes imposing taxes are to be given a reasonable interpretation to effectuate the purpose of the legislature. It is only in cases of doubt, that such acts are to be construed most strongly against the Commonwealth. Under section (c) of said act, all transfers of real estate made without an adequate consideration and in contemplation of the death of the grantor, or intended to take effect in possession or enjoyment at or after death, are subject to the transfer inheritance tax. This includes property transferred from either husband or wife to them as joint tenants.

The value of the house and lot is not shown by the evidence, but it does appear that the said property was the home of the decedent and was located upon an improved street in a good residential section of the City of Erie, and that her personal estate amounted to $26,854.12. We must therefore conclude that the said real estate constitutes a material part of her estate. There was no evidence offered to show that there was a consideration for the transfer to Mr. Carey, or that said conveyance was not made in contemplation of death.

When a conveyance is made to husband and wife jointly, for an adequate consideration and not made in contemplation of the death of the grantor, the surviving husband or wife, on the death of the other, would then take the title under section (e) above quoted, without any liability for the transfer inheritance tax. But when the transfer is made from husband or wife to a third person, who in turn conveys the property to them jointly without a valued consideration therefor, and within a year preceding the death of the husband or wife, as the case may be, then section (c) of said Act, above quoted,

applies, the same as when the transfer is between any other parties, and under the last paragraph of said section the presumption is that the conveyance is made in contemplation of death, in the absence of evidence to the contrary.

The essential facts in the case at bar are very much like those in Edwards' Estate, 1 D. & C. 497. That case was decided after the passage of the Transfer Inheritance Tax Act of 1919, and prior to the above-quoted amendments of 1929. But the said amendments do not change the law applicable to the present case, except to create a presumption as to the contemplation of death, the conveyance being made within the year, in actual fact within less than 6 weeks preceding the death, and that case is therefore directly in point.

Vandergrift's Estate, 105 Pa. Superior Ct. 293, cited by the appellant, is not in point here, since although the conveyance in that case was made less than a year before the decedent died, the amendment of 1929 creating the presumption of contemplation of death, had not then been passed. Moreover, the conveyance in that case was made by the wife, the sole owner, directly to herself and her husband, and the only question raised and decided by the court was that a joint tenancy between husband and wife could be thus created without the necessity of a conveyance to a third person, and a reconveyance to the husband and wife as joint tenants.

We are therefore of opinion that the estate of the decedent is liable to the Commonwealth for the inheritance tax upon the said real estate, situated at No. 824 Poplar Street in the City of Erie.

The appeal is therefore dismissed and the assessment of the tax affirmed.