## Scheirer v. Merchants National Bank, Guardian

*Gernerd, Helwig & Gernerd*, for plaintiff.
*Linn H. Schantz*, for defendant.

HELFRICH, J., February 26, 1945.—We have before us a petition for a declaratory judgment to determine whether plaintiff, Nicholas Scheirer, is the sole owner in fee simple of certain premises, consisting of two tracts of land with appurtenances, known as 132 E. Main Street, in the Borough of Macungie, Lehigh County, Pa., or whether Joseph David Bortz has an interest therein. Service of pleadings in this action, which should have captioned Joseph David Bortz as defendant (see Rule 2054(c) Pa. R. C. P.), was properly made on The Merchants National Bank of Allentown, his guardian: see Rule 2055, Pa. R. C. P. No answer having been filed within the time limited, the facts averred in the petition are admitted: Act of May 22, 1935, P. L. 228, sec. 3, 12 PS §849.

Isabella Wieand died testate on September 21, 1926. Her will, dated July 3, 1923, duly probated in Lehigh County, provided (par. 6):

"All my remaining estate including my dwelling house and lot or lots with the appurtenances I give devise and bequeath unto Sallie Scheirer and Nicholas Scheirer equally their and each of their heirs and assigns . . ."

The devise was conditioned that the devisees maintain, provide and care for decedent during the remainder of her life, and authorized her executors to "grant a full deed of conveyance" if satisfied to that effect.

All the debts, administration expenses and bequests of the decedent having been fully discharged, her executors, satisfied as to devisees' full observance of all conditions, by deed dated November 26, 1926, conveyed the premises to "Sallie Scheirer and Nicholas Scheirer, their heirs and assigns". These devisees and grantees were husband and wife.

Sallie Scheirer died intestate on June 9, 1944, leaving to survive her, Nicholas Scheirer, her husband and plaintiff herein, and a grandson, Joseph David Bortz, the defendant herein, who is the son of Forrest K. Bortz, the deceased son of Sallie Scheirer by a prior marriage. Nicholas Scheirer has contracted to sell and convey the premises to one George Schmeltzle, who refuses to complete the transaction on the ground that vendor is not sole owner thereof. All the interested parties are before us, and this proceeding is a means of solving the problem.

Few matters seem more settled in the law of our Commonwealth than the proposition that property, whether real or personal, held jointly in the names of husband and wife vests in them an estate by the entireties, and upon the death of one the other takes the whole: Rhodes's Estate, 232 Pa. 489; Blease v. Anderson, 241 Pa. 198; Hoover v. Potter, 42 Pa. Superior Ct. 21; Estate of Mary R. Vandergrift, 105 Pa. Superior Ct. 293. This is so, the parties actually being husband and wife, even though they are not designated as such:

Klenke's Estate (No. 1), 210 Pa. 572; Madden et al. v. Gosztonyi Savings and Trust Co., 331 Pa. 476. Originally it was true, no matter what the language describing their estate or interest: Stuckey v. Keefe's Executors, 26 Pa. 397; but this view was doubted in Merritt v. Whitlock, 200 Pa. 50, after the passage of the Married Women's Property Acts, then later reaffirmed in Hoover v. Potter, supra. Finally, in Blease v. Anderson, supra, the Supreme Court said, p. 203:

". . . at no time since the recent legislation conferring full competency upon married women to take and hold real estate as their individual property, have we ruled that a conveyance to husband and wife granting distinctly defined, undivided parts or individual estates to each, must be construed to create an estate by entireties notwithstanding the expressed intention of the grantor to the contrary . . ."

This stamped with approval the doctrines previously declared in Young's Estate, 166 Pa. 645; Bedford Lodge I. O. of O. F., No. 202, v. Lentz et al., 194 Pa. 399, and touched upon in Rhodes's Estate, supra.

Did the creator of the estate before us clearly express an intention to grant distinctly defined, undivided parts or individual estates to each grantee named? We believe she did. If we were to rest our cause upon the language of the deed, throughout referring to "Sallie Scheirer and Nicholas Scheirer, their heirs and assigns", the solution would be simple, for the words "their heirs and assigns" are words of limitation, indicating the nature of the estate given and not the persons to whom it is to be given: Estate of Frederick W. Witte, 102 Pa. Superior Ct. 535. The general rule would readily follow.

But we are of the opinion that the executors' deed was merely intended as record evidence that devisees, after the making of the will and until decedent's death, faithfully performed the conditions imposed upon them, and that the will itself must determine here the bene-

ficiaries' tenure. Caring for the decedent, Isabella Wieand, until the time of her death was a condition precedent to the vesting of title in her beneficiaries: Adams v. Johnson, 227 Pa. 454; Stauffer's Estate, 117 Pa. Superior Ct. 386. This leads us to apply the law first stated to the language of testatrix's will, as determinative of our situation.

In this light, we look upon the use of the word "equally" as controlling. Its meaning is clear and positive. It means "equal in degree or quantity": See Ballentine's Law Dictionary; "in an equal manner or degree", "in equal shares", "alike": See Webster's New International Dictionary, 2nd edition. We interpret it as equivalent to "share and share alike": See Loeser's Estate, 2 D. & C. 250; Coates's Estate, 3 D. & C. 838. This analysis, in our view, impels us to determine that Sallie Scheirer and Nicholas Scheirer, although husband and wife, were seized at the time of Sallie Scheirer's death, as tenants in common of the property in question.