## Johnson *against* Hart.

Deed of land to H. S. and J. H. and L. his wife and their heirs as tenants in common and not as joint tenants, *held* to convey one moiety to H. S. and the other moiety to J. H. and wife.

ERROR to the District Court for the city and county of *Philadelphia*, in an action of ejectment, in which judgment was entered for the plaintiff on a case stated, for one half the premises.

It was an action brought by Lydia Hart against Sarah S. Johnson and the children of John Hart, deceased, to recover the difference between one third and one half, or one sixth of certain premises conveyed by Mrs De Brahm to Mrs H. Speakman and John Hart and Lydia his wife by deed dated 6th May 1800, to hold to them and their heirs and assigns as tenants in common and not as joint tenants. Mrs Speakman and John Hart and Lydia his wife, afterwards by deed dated July 11th 1805, granted one undivided third part of said premises to Sarah Spackman, who afterwards by deed dated 12th April 1806, granted the said one third part of the premises to John Hart in fee.

The question was whether under the first recited deed Mrs H. Speakman took a third part or a moiety of the premises thereby conveyed. If the court decided she took but one third, judgment was to be entered in favour of Lydia Hart for one third. If she took one half, judgment to be entered in favour of Lydia Hart for one half.

Mrs Speakman was the mother of Lydia Hart, the plaintiff, and on her decease intestate, one third part of her interest in the premises descended to her. Lydia survived her husband John Hart, who died intestate leaving a number of children.

The first-mentioned deed was as follows:

This Indenture, made the 6th day of May 1800, between Mary de Brahm of Bristol township in the county of Philadelphia, &c., widow, of the one part, and Hannah Speakman of the city of Philadelphia, &c., widow, and John Hart of the same city, druggist, and Lydia his wife, of the other part, Witnesseth, that the said Mary de Brahm, for and in consideration of the sum of $10,000 lawful silver money of the United States of America,

[Johnson v. Hart.]

unto her in hand well and truly paid by the said Hannah Speak-
man and John Hart and Lydia his wife, at the time of the execu-
tion hereof, the receipt whereof is hereby acknowledged, hath
granted, &c., and by these presents, doth grant, &c., unto the
said Hannah Speakman and John Hart and Lydia his wife, and
to their heirs and assigns, as tenants in common, and not as joint
tenants, all that capital messuage, &c., to have and to hold the
aforesaid messuage, &c., with the appurtenances, unto the said
Hannah Speakman, and John Hart and Lydia his wife, their heirs
and assigns, to and for the only proper use and behoof of them
the said Hannah Speakman, and John Hart and Lydia his wife,
their heirs and assigns for ever, as tenants in common and not as
joint tenants.   And the said Mary de Brahm and her heirs, the
aforesaid messuage, &c., with the appurtenances, unto the said
Hannah Speakman and John Hart and Lydia his wife, their heirs
and assigns, as tenants in common, and not as joint tenants against
herself the said Mary de Brahm and her heirs, and against all and
every other person and persons whatsoever, lawfully claiming or
to claim by, from or under her, them or any of them, shall and
will warrant, and for ever defend by these presents.   And the said
Mary de Brahm, for herself and her heirs, executors and adminis-
trators, doth hereby further covenant, grant and agree that all
and singular the said hereby granted premises, with the appurte-
nances, now are free from all encumbrances whatsoever.   In wit-
ness whereof, &c.

*Williams* for the plaintiff in error contended that Mrs. Speak-
man took by the deed only one third, as tenant in common with
John Hart and Lydia Hart, who each took one third, and there-
fore the plaintiff was not entitled to recover as heir of Mrs. Speak-
man.   The deed in the premises shows that the consideration
moved from each, and that there was to be no joint tenancy: the
habendum and warranty are the same, and the receipt for the pur-
chase money is from each.   A husband and wife can hold as ten-
ants in common during coverture.   Marriage does not alter the
estates they had before, and if they held jointly before, they hold
so afterwards.   If there is a grant to the husband and wife and
a third person, one for life, one in tail and one for years, each takes
one third.   *Fitz. N. B.* 194; *Co. Lit.* 187 b.   So if there is a gift
to the use of a man and woman, marriage afterwards will not
make them tenants by entireties.   2 *Prest. Ab.* 41.   Under a grant
to husband and wife and to a third person, as tenants in common,
each has an interest of one third in severalty as tenant in com-
mon.   1 *Prest. Est.* 132; 4 *Kent's Com.* 363; 1 *Rop. Husb. & Wife*
51.   An estate in the husband and wife by entireties cannot be
created by a conveyance to them as tenants in common.   An
estate by entireties is one kind of estate in joint tenancy and by

the words here " and not as joint tenants" all kinds of joint tenancy are excluded.

*Price*, contra.  Without the clause " tenants in common and not as joint tenants," the husband and wife would have taken by entireties (2 *Prest. Est.* 39), that is the husband and wife would have one half and the other party another half.  There can be no other estate granted to husband and wife than by entireties; they cannot take by moieties; the husband cannot sever it; they constitute one person.  2 *Bl. Com.* 184; 1 *Prest. Ab.* 137.  The words are used with the view of excluding Hart and wife from taking as joint tenants, and of conveying to them as tenants in common with Mrs Speakman.  If such be the conveyance, then it is clear the husband and wife take one half by entireties, and Mrs Speakman the other half.  The conveyance is to H. S. and J. H. and Lydia his wife, not Lydia Hart.  Legacy to A, B and C, and the wife of C, to be equally divided amongst them; the husband and wife took one third.  *Bricker* v. *Whalley* (1 *Vern.* 233); *Skin.* 182. A conveyance to husband and wife gives an estate by entireties and not a joint tenancy.  *Green* v. *King* (2 *Wm. Black* 1211): 5 *Ch. Rep.* 437.  The point before the court is expressly decided in 16 *Wend.* 615; 5 *Halst.* 42; 3 *Rand.* 179.

The opinion of the Court was delivered by

Kennedy, J.—The only question raised in this case is whether under the deed from Mary de Brahm to Hannah Speakman and John Hart and Lydia his wife, Hannah Speakman took an undivided moiety of the estate thereby conveyed or only an undivided third part thereof; or, in other words, whether John Hart and Lydia his wife did not each take an equal undivided third part of the same as tenants in common, or only an undivided moiety of the whole, to be held by them jointly as tenants in common with Hannah Speakman.  Had the estate been granted to them to be held as joint tenants and not as tenants in common, it would, according to all the authorities on the subject, be quite clear that Hart and his wife would only have taken an undivided moiety of the whole, and Hannah Speakman the remaining moiety.  But it is contended that as the estate was granted to them to hold the same as tenants in common and not as joint tenants, each of the three, therefore, in order to carry into effect fully the meaning of the words of the habendum, must be considered as having taken an equal undivided third part thereof.  And in support of this Mr Preston in his first volume on estates, p. 132, has been cited, where he says " in point of fact and agreeable to natural reason, free from artificial deductions, the husband and wife are distinct and individual persons; and accordingly where lands are granted to them as tenants in common, thereby treating them without any respect to their social union, they will hold by moieties, as other

[Johnson v. Hart.]

distinct and individual persons will do." And Mr Preston, to sustain what he has thus said, refers to *Co. Lit.* 187 *b.*, where Lord *Coke* says "if a man make a lease to A. and to baron and feme, viz : to A. for life, to the husband in tail and to the feme for years, in this case it is said that each of them hath a third in respect to the severalty of their estates.' Then Mr Preston proceeds to say "also when a grant is made to a husband and his wife and a third person as tenants in common, each of these three will have a distinct and separate interest in and tenancy of a third part."

Now although it may well be in the case mentioned by Lord COKE, that the husband and wife would each take a third, as a separate and distinct estate is given to each of them severally in express terms, so that if they take at all consistently with the terms of the grant, it must be a several and not a joint interest; but in the case put by Mr. Preston, the same meaning does not necessarily apply ; for to many purposes, if not generally, husband and wife are regarded as one person only in law; and as the case in its terms does not preclude this idea of unity, they may be considered as taking a joint interest in an undivided moiety of the whole, and as holding the same as tenants in common with the third person, who has and holds the other moiety also as tenant in common. Hence, according to Littleton, sec. 291, if a joint estate be made of land to husband and wife and to a third person, the husband and wife have but a moiety in law, and the third person the other moiety, because the husband and wife are but one person in law. Bracton saith, *vir et uxor sunt quasi unica persona, quia caro una et sanguis unus.* *Co. Lit.* 187 *b.* "And therefore," says Judge BLACKSTONE, in the 2d vol. of his commentaries, p. 182, "if an estate in fee be given to a man and his wife, they are neither properly joint tenants nor tenants in common ; for husband and wife being considered as one person in law, they cannot take the estate by moieties, but both are seised of the entirety *per tout et non per my ;* the consequence of which is, that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor." And in a case before Lord Keeper NORTH, (*Skinner* 182), A. B. having three nieces, one of whom had a husband, bequeathed a legacy to the husband and wife and the other two equally ; and held, that the husband and wife took one third only of the legacy, and that the remaining two nieces took each a third thereof; because, as the Lord Keeper said, the husband and wife took only as one person, according to the rule of the common law. So in *Barker* v. *Harris,* (15 *Wend.* 615), whereby a deed of settlement, the grant was to a husband and wife and to six of their children, naming them, and to such other, &c., to hold as tenants in common, it was ruled, that the husband and wife took only as one person, notwithstanding the estate was granted to them to be held in common and not jointly.

[Johnson v. Hart.]

It would therefore seem, according to the weight of authority and opinion too, that John Hart and Lydia his wife, took only a moiety of the estate conveyed by the deed from Mary de Brahm, and not each one third thereof, as contended by the counsel for the plaintiff. This construction also appears to be more consonant to the intention of the parties as indicated by the form of the expression used both in the premises and the habendum of the deed for the purpose of describing or designating the grantees, which is as follows, viz: " Hannah Speakman of &c. *and* John Hart of &c., and Lydia his wife, of the other part ;" thus naming and describing them in the same manner precisely as if it had been intended to make Hart and his wife take as one person only. Had it been intended to make them take as two distinct and individual persons, such intention would have been better and more clearly expressed by having omitted the conjunction " and" inserted immediately before the name of Hart, after naming Hannah Speakman. Then it would have read " Hannah Speakman of, &c., John Hart of, &c., and Lydia his wife, &c." But it is not necessary to say here that this change, had it been observed, would have been sufficient to have given to Hart and his wife, each one third of the estate, as language showing such design beyond all question or doubt, could have been employed, had the parties so intended it. It is enough to say that the language of the deed does not show it clearly, and hence we are of opinion that Hart and his wife took only a moiety of the estate conveyed, and that Hannah Speakman took the other moiety thereof.

Judgment affirmed.