## Blease *v.* Anderson, Appellant.

*Real property—Estates—Conveyance to husband and wife of individual estates to each—Construction.*

1. While the Married Women's Property Acts do not abolish or affect estates by entireties where the grant expressly and in effect creates such an estate, a conveyance to husband and wife creating distinctly defined, undivided parts or individual estates to each will not be construed to create an estate by entireties.

2. In a deed to husband and wife by name granting to them an undivided four-fifths interest in certain real property it was expressly provided, "It is understood and agreed that there is hereby conveyed an undivided ten-fifteenths part to the said (husband) and an undivided two-fifteenths part to the said (wife) so that (wife) being already the owner of an undivided three-fifteenths part......will be the owner of an undivided five-fifteenths part." In an action of ejectment by an heir of the deceased husband against the wife, who claimed to own all the land as a surviving tenant by the entireties, it was *held,* that the grantees did not take by entireties but that they took an individual undivided interest or estate in the property in question.

Argued April 14, 1913. Appeal, No. 40, Jan. T., 1913, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1912, No. 1565, for plaintiff on case stated in the case of John T. Blease and Mary Blease v. Rhoda A. Ander-

son.   Before BROWN, MESTREZAT, POTTER, ELKIN and
MOSCHZISKER, JJ.   Affirmed.

Amicable action in ejectment and case stated to de-
termine the title to real estate.   Before GARMAN, J.

The material facts are set forth in the following ex-
cerpt from the opinion of the court below:

William Anderson and Rhoda, his wife, purchased
and took possession of an undivided four-fifths interest
in a farm, the other undivided one-fifth interest already
belonging, at the time of said purchase, to the said
Rhoda.   The material parts of the deed conveying the
title to the Andersons are as follows: "This indenture
made 30th November, 1904, between Mary E. Heft,......
parties of the first part and William Anderson and
Rhoda A. Anderson......parties of the second part.
Witnesseth that the said parties of the first part for and
in consideration......paid by the parties of the second
part......do grant......unto the parties of the second
part and their heirs and assigns, All the undivided four-
fifths part of that piece or tract of land......It is un-
derstood and agreed that there is hereby conveyed an
undivided ten-fifteenths part to the said William Ander-
son and an undivided two-fifteenths part to the said
Rhoda A. Anderson, so that Rhoda A. Anderson, being
already the owner of an undivided three-fifteenths part
as devisee of her father, will be the owner of an undi-
vided five-fifteenths part.   Together......with the ap-
purtenances.   To have and to hold......unto the said
parties of the second part, their heirs and assigns to
the only proper use, benefit and behoof of the said par-
ties of the second part their heirs and assigns forever."
......William Anderson died intestate 24th of Decem-
ber, 1910, leaving to survive him the said Rhoda and
three children, two of whom were by her, the said Rhoda,
and, by a former wife, one, Mary Blease the plaintiff.
Since the death of William Anderson, the said Rhoda
has held the entire tract of land claiming to own

the same by entirety by reason of the purchase aforesaid and her survival of her said husband. The plaintiff, Mary Blease, claims that by the said deed, the decedent, William Anderson, her father, owned an undivided ten-fifteenths interest in the said land and that she is entitled to one-third of the ten-fifteenths, or two thirds of said tract of land. William Anderson was the father of three children, of two of which Rhoda A. Anderson was the mother. It was natural, therefore, that the father should want to take title so that his estate might be shared equally by his children. This purpose was admirably subserved by the deed, if it conveyed to each a particular estate, but the purpose was entirely subverted if the deed conveyed an estate by entireties. In the case before us looking both at the form of the deed considered as a whole and at the character of the transaction including the circumstances surrounding the parties, we are constrained to hold that the said William Anderson and Rhoda A. Anderson did not take an estate by entireties with right of survivorship as to the described twelve-fifteenths but that William Anderson took individually an undivided ten-fifteenths interest and Rhoda A. Anderson took an undivided two-fifteenths interest in the said land. Judgment is directed to be entered in favor of the plaintiff, Mary Blease, and against the defendant, Rhoda A. Anderson, for an undivided two-ninths interest in said land (being an undivided one-third of said undivided ten-fifteenths) subject to the dower right of said Rhoda A. Anderson. In addition to the foregoing facts, it appears that the purchase money was paid by the grantees in the proportions represented by their respective interests as designated in the deed.

*Errors assigned* were the conclusion of the court below and the judgment entered thereon.

*D. O. Coughlin,* for appellant.—The rule of a tenancy

by entireties arises whenever an estate vests in two persons, they being when it so vests husband and wife. Like the rule in Shelley's Case it operates irrespective of the intention of the party: Hoover v. Potter, 42 Pa. Superior Ct. 21; Gillan v. Dixon, 65 Pa. 395; Bramberry's App., 156 Pa. 628; Rhodes's Est., 232 Pa. 489; Beihl v. Martin, 236 Pa. 519.

*A. L. Turner,* for appellee.—When a conveyance is of a separate and distinct moiety to each as individuals and not of the same entire estate to husband and wife as such, the grantees take as tenants in common and not as tenants by the entireties: Rhodes's Est., 232 Pa. 489; Hetzel v. Lincoln, 216 Pa. 60; Alles v. Lyon, 216 Pa. 604; McCurdy v. Canning, 64 Pa. 39; Young's Est., 166 Pa. 645.

There is nothing in the marriage relation itself which prevents husband and wife taking or holding as tenants in common where the estate has not been conveyed to them as a unit: Swisshelm's App., 56 Pa. 475; Stoffal v. Jarvis, 235 Pa. 50; Banzer v. Banzer, 156 N. Y. 429; Tindell v. Tindell, 37 S. W. Repr. 1105; Bedford Lodge v. Lentz, 194 Pa. 399.

The Supreme Court has several times intimated that under the Act of June 8, 1893, P. L. 344, a husband and wife may take as tenants in common: Merritt v. Whitlock, 200 Pa. 50; Alles v. Lyon, 216 Pa. 604; Rhodes's Est., 232 Pa. 489; Young's Est., 166 Pa. 645.

Opinion by Mr. Justice Moschzisker, May 22, 1913:

This appeal involves the construction to be placed upon and the effect to be given to a conveyance to man and wife wherein it is expressly provided, "It is understood and agreed that there is hereby conveyed an undivided ten-fifteenths part to the said William Anderson and an undivided two-fifteenths part to the said Rhoda A. Anderson, so that Rhoda A. Anderson, being already the owner of an undivided three-fifteenths part......,

will be the owner of an undivided five-fifteenths part";
and the question is, did the grantee take individually in
the proportions designated "without the right of sur-
vivorship," or did they take "an estate by entireties with
the right of survivorship?" A full statement of the ma-
terial facts will be found in the notes of the reporter
and the excerpt from the opinion of the court below pub-
lished in connection herewith.

In Merritt v. Whitlock, 200 Pa. 50, after referring to
our cases supporting the common law rule that a con-
veyance to husband and wife is presumed to create an
estate by entireties, and to the Married Women's Prop-
erty Acts, Mr. Justice MITCHELL states, (p. 55): "It
may be considered as still an open question whether they
(man and wife) may not, now, since the acts referred to,
take as well as hold in common, if that be the actual in-
tent, notwithstanding the legal presumption to the con-
trary"; (Also see, Alles v. Lyon, 216 Pa. 604; Hetzell v.
Lincoln, 216 Pa. 60.) In Young's Est., 166 Pa. 645,
where it was held that an assignment of a mortgage to a
man and wife, (which in the grant transferred the whole
to the assignees but in a "sort of habendum clause" pro-
vided that they should "hold in equal moieties or one-
half parts as tenants in common; that is to say, one full
equal moiety or half part to the said......(husband)
his heirs, executors, and assigns, and the remaining one
full equal moiety or half part to the said......(wife)
her heirs, executors, administrators and assigns),"
would give "one-half of the mortgage debt to each in
severalty," after referring to the general rule govern-
ing conveyances to husband and wife, Mr. Justice WIL-
LIAMS states, (p. 649): "But it by no means follows
that a grantor cannot convey to them as individuals.
Nobody ever doubted that the husband was competent
to take in severalty, and under recent legislation the
competency of the wife to take and hold real estate as
her own is just as clear as that of the husband"; then
referring to Bramberry's Est., 156 Pa. 628, he states

that it is there "said in substance that words which in a conveyance to unmarried persons would create a joint tenancy or a tenancy in common, would create where the grantees were husband and wife, and they were so named in the conveyance, a tenancy by the entireties"; and he proceeds to say that "the converse of this proposition is equally true, viz, where the deed would create neither a tenancy in common nor a joint tenancy in unmarried persons it will not create a tenancy by the entireties though the grantees may be described as husband and wife." In Bedford Lodge v. Lentz, 194 Pa. 399, where in construing a conveyance to a husband and wife it was held that an estate by entireties was not created and the husband took for life only, Mr. Justice DEAN (p. 401) said, "The premises of the deed, beyond question, convey to the husband and wife, the fee-simple in the land; and standing alone, it would be held that the husband and wife took the land by entireties. But ......the habendum expressly limits the estate of the husband to one for life, with remainder to the wife ......Evidently the grantor intended the estate of the husband should end with his life for he so says....... All the cases cited by the appellant are on the assumption that the estate is a common law estate by entireties; no note is taken of the effect of the habendum in qualifying the estate of the husband. This......he (the grantor) could do and did do." Finally, in Rhodes's Est., 232 Pa. 489, our Brother POTTER (p. 493) states, "the intention may be made clear in a deed that the grantees, even though husband and wife, are to take estates in severalty."

While we have said more than once that the Married Women's Property Acts do not abolish or affect estates by entireties (Meyer's Est., 232 Pa. 89; Beihl v. Martin, 236 Pa. 519) where the grant expressly or in effect creates such an estate, yet at no time since the recent legislation conferring full competency upon married women to take and hold real estate as their individual

property, have we ruled that a conveyance to husband and wife granting distinctly defined, undivided parts or individual estates to each, must be construed to create an estate by entireties notwithstanding the expressed intention of the grantor to the contrary; far from so holding, all our decisions upon the subject point in the other direction. In the case at bar we concur in the conclusion reached by the learned court below that the grantees did not take by entireties but that each took an individual, undivided interest or estate in the property in question, as particularly provided in the deed.

The assignments of error are overruled and the judgment is affirmed.