## Nixdorf et al. v. Busser et al.

*Charles E. Workman,* for plaintiffs.

*F. Lyman Windolph* and *James N. Lightner,* for defendants.

WISSLER, J., January 30, 1948.—Plaintiffs, who are devisees of Simeon H. Suter, have brought this bill in equity for the partition of certain real estate situated in East Lampeter Township, Lancaster County, Pa., title to which is claimed by both plaintiffs and defendants by virtue of a deed from William G. Greenawalt and wife, dated March 29, 1946, whereby the premises in question were conveyed to "Harry M. Busser and Helen E. Busser, his wife, and Simeon H. Suter, of the City of Lancaster . . . as tenants by entireties". Plaintiffs contend that as a result of this conveyance Harry M. Busser and Helen E. Busser, his wife, acquired title, as tenants by the entireties, to an undi-

vided one-half interest in the property, and that Simeon H. Suter acquired title in severalty to the remaining undivided one-half interest.

To plaintiffs' bill defendants filed an answer raising preliminary objections, contending that by the conveyance of March 29, 1946, a fee simple title to the real estate vested in Harry M. Busser and Helen E. Busser, his wife, and Simeon H. Suter, as joint tenants, and that upon the death of Simeon H. Suter on August 6, 1947, the said Harry M. Busser and Helen E. Busser, as surviving joint tenants, became seized of said real estate in fee simple.

Few matters seem more settled under Pennsylvania law than the proposition that the conveyance of property, whether real or personal, in the names of husband and wife, vests in them an estate by the entireties, and upon the death of one, the other takes the whole: Rhodes' Estate, 232 Pa. 489 (1911). This is so, the parties actually being husband and wife, even though they are not designated as such: Klenke's Estate (No. 1), 210 Pa. 572 (1905); Madden et al. v. Gosztonyi Savings and Trust Company, 331 Pa. 476 (1938). Originally this was true no matter what the language describing their estate or interest: Stuckey v. Keefe's Executors, 26 Pa. 397 (1856).

A doubt as to this principle of law was first expressed in the case of Merritt v. Whitlock, 200 Pa. 50 (1901), where the Supreme Court, without deciding, raised the question "whether a conveyance to husband and wife which prima facie creates an estate by entireties, will create a tenancy in common, if such be the actual intent". And finally, in Blease v. Anderson, 241 Pa. 198 (1913), the Supreme Court said, at page 203:

"While we have said more than once that the Married Women's Property Acts do not abolish or affect estates by entireties (Meyer's Est., 232 Pa. 89; Biehl v. Martin, 236 Pa. 519) where the grant expressly or in effect creates such an estate, yet at no time since the

recent legislation conferring full competency upon married women to take and hold real estate as their individual property, have we ruled that a conveyance to husband and wife granting distinctly defined, undivided parts or individual estates to each, must be construed to create an estate by entireties notwithstanding the expressed intention of the grantor to the contrary; . . ."

Did the grantors in the deed before us clearly express an intention to grant distinctly defined, undivided parts, so as to create an estate other than by entireties? We believe they did not.

While tenancies by the entireties resemble joint tenancies, the Supreme Court in Madden et al. v. Gosztonyi S. & T. Co. (supra) at page 481, approved Blackstone's definition (p. 182) :

". . . if an estate in fee be given to a man and his wife, they are neither properly joint-tenants, nor tenants in common : for husband and wife being considered as one person in law, they cannot take the estate by moieties, but both are seised of the entirety, *per tout*, *et non per my*: the consequence of which is, that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor", and held that the presumption is that property so held is by entireties, not as ordinary joint tenants, or tenants in common. Thus, where an estate is conveyed to a husband and wife and to a third person, the husband and wife take a moiety and the third person takes the other moiety: Johnson v. Hart, 6 W. & S. 319 (1843).

In Estate of Mary R. Vandergrift, 105 Pa. Superior Ct. 293 (1932), at page 296, Judge Gawthrop said: ". . . it is still the law that where the deed to a husband and wife discloses no intention to create any estate but one by entireties, such an estate is created in the grantees." It seems, therefore, that what the Anderson case (supra) did, was simply to convert the

rule as to estates by the entireties from one of law into one of construction so that an intention of a grantor, as manifested in the conveyance, to grant an estate other than an estate by the entireties will be carried out.

Applying the rule of construction to the designation of the grantees in the deed in question: "Harry M. Busser and Helen E. Busser, his wife, and Simeon H. Suter . . . as tenants by entireties", the use of the words "tenants by entireties" following the name of Simeon H. Suter can have no possible significance to him, for a tenancy by entireties can exist only between a husband and wife: Thornton et al. v. Pierce, 328 Pa. 11 (1937); their significance, if any, was but to emphasize the estate by entireties as to Harry M. Busser and Helen E. Busser, and since they were designated as husband and wife, such an estate was created in them without the further use of the words "tenants by entireties". Nor can it avail defendants to contend that these words following the three named grantees convert it into a joint tenancy, for since the passage of the Act of March 31, 1812, P. L. 259, 20 PS §121, no joint tenancy in real estate can be created unless the intent to establish survivorship is expressed with sufficient clearness to overcome the statutory presumption against such tenancy: Mardis, Admx., v. Steen, 293 Pa. 13 (1928); American Oil Company v. Falconer et al., 136 Pa. Superior Ct. 598 (1939).

Joint tenancies are not favorites of the law: Goldstein v. Hammell, 49 Pa. Superior Ct. 39 (1912).

There being no intention manifested in the deed to create an estate other than an estate as tenants by the entireties as to husband and wife, it necessarily follows that Harry M. Busser and Helen E. Busser take an undivided one-half interest in the real estate, and Simeon H. Suter took the other undivided one-half interest therein, which now, by devise, vests in plaintiffs.

And now, January 30, 1948, the preliminary objections are overruled, with leave to the defendants to plead over within 15 days.