Heatter *v.* Lucas, Appellant.

Argued March 28, 1951. Before DREW, C. J., STERN, JONES, BELL, LADNER and CHIDSEY, JJ.

*August L. Sismondo,* for appellants.

*H. Russell Stahlman,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, May 21, 1951:

This is an appeal from a declaratory judgment entered by the Court of Common Pleas of Washington County. The facts are not in dispute. The petitioner is a creditor and administrator of the estate of Joseph Lucas, deceased. During decedent's lifetime a certain farm, situate in Washington County was deeded to "Francis Lucas, a single man, and Joseph Lucas and Matilda Lucas, his wife." There is no pointed indication in the deed of what share was intended to pass to each of the grantees, the habendum clause providing, "To Have and To Hold the same unto and for the use of the said parties of the second part their heirs and assigns forever, . . .".

Francis is the son of Joseph and Matilda who were in fact husband and wife at the time the deed was executed on August 10, 1942. Joseph having predeceased Matilda on September 8, 1949, the marriage then still subsisting, Matilda contends that by the above deed Francis took an undivided one-half interest in the farm as a tenant in common with Joseph and Matilda who took the remaining half as tenants by the entireties; that upon Joseph's death she became the sole owner of the one-half interest formerly held by the entireties. The petitioner contends that each of the grantees took an undivided one-third interest in the farm; that the deed did not create a tenancy by the entireties and that at Joseph's death his undivided one-third interest in the realty is subject to sale for payment of his debts.

In a conveyance to "A", "B" and "C" in which "B" and "C" are husband and wife, there are three possible constructions: (1) the parties may *each* be deemed to

take undivided one-third interests without the creation of a tenancy by entireties as between the husband and wife (2) "A" may be deemed to take an undivided one-half interest as a tenant in common with "B" and "C", who hold the remaining one-half interest as tenants by the entireties (3) "A" may be deemed to take a one-third interest as a tenant in common with "B" and "C", who hold the remaining two-thirds interest as tenants by the entireties. It may be fairly stated that prior to the Married Women's Property Acts passed from time to time, such a conveyance by all the authorities, would have come within construction (2) above: *Johnson v. Hart,* 6 W. & S. 319 (1843); 26 Am. Jur., Husband and Wife, Section 74, page 700; 13 R. C. L., Husband and Wife, Section 126, pages 1103-4; 41 C. J. S., Husband and Wife, Section 31f, page 454; 30 C. J., Husband and Wife, Section 95g, page 564; 1 Coke on Littleton (1827), Section 291.187, page 853. The basis of such construction was the unity of husband and wife arising out of the marriage relationship. What effect, if any, is to be ascribed to the Married Women's Acts?

A conveyance of either real or personal property to a husband and wife, without more, vests in them an estate by the entireties and upon the death of either the survivor takes the whole: *Bramberry's Estate,* 156 Pa. 628, 632, 27 A. 405 (1893); *Madden v. Gosztonyi Savings and Trust Company,* 331 Pa. 476, 484, 200 A. 2d 624 (1938). There is no rule of construction or other restraint which interdicts the creation of a tenancy in common (or joint tenancy) in which a unit held by the entireties constitutes one of the moieties or shares: See 132 A. L. R. 643-644. It was never intended in either *Mauser v. Mauser,* 326 Pa. 257, 259, 192 A. 137 (1937) or *Kleinschmidt Estate,* 362 Pa. 353, 356, 67 A. 2d 117 (1949) to rule otherwise. The observation, "An estate by the entireties, whether in per-

sonalty or realty, must be held in the names of husband and wife and no others"[1] is only a rephrasing of the definition of an estate by the entireties.

At the common law and under early Pennsylvania law a conveyance to husband and wife under circumstances involving unity of time, title, interest and possession created a tenancy by the entireties regardless of the intention of the parties. *Stuckey v. Keefe's Executors*, 26 Pa. 397 (1856); *Johnson v. Hart*, supra, (1843). In the *Stuckey* case Chief Justice LEWIS (at page 403) confined his opinion to the state of the law in force prior to the Act of April 11, 1848, P. L. 536 relating to married women.

In *Merritt v. Whitlock*, 200 Pa. 50, 55, 49 A. 786 (1901) Justice MITCHELL stated, "The incapacity of husband and wife to take as joint tenants or tenants in common was a strict logical deduction from their entire unity at common law. When the statutes in relation to married women severed this unity as to property the reason of the rule no longer existed. . . And it may be considered as still an open question whether they may not, now, since the acts referred to, take as well as hold in common, if that be the actual intent, notwithstanding the legal presumption to the contrary." In *Blease v. Anderson,* 241 Pa. 198, 88 A. 365 (1913) the question posed in the *Merritt* case was answered and it was held that if there appear an intention to create an estate other than by the entireties such an intention would be given effect.

In the absence of evidence of intention, does the presumption that an estate by the entireties is created when the conveyance is solely to husband and wife also apply to a conveyance to a husband and wife *to-*

---

[1] See also language in *Thornton v. Pierce*, 328 Pa. 11, 16, 194 A. 897 (1937); *Frederick v. Southwick*, 165 Pa. Superior Ct. 78, 81, 67 A. 2d 802 (1949).

*gether with third parties?* The real question is where we shall place the burden of construction when the intention is not sufficiently manifested by a perusal of the instrument creating the estate. In the situation where only the husband and wife are involved this Court has been content to allow the construction that, in the absence of an intention otherwise, the quality of the estate should be deemed one of entireties.[2] In neither the *Mauser* nor *Kleinschmidt* cases did we foreclose the question of presumption where the conveyance is to three or more parties, two of whom are husband and wife. An examination of both cases indicates that on their facts there was sufficient to disclose that a tenancy by the entireties was not intended. Considering the matter then as one of first impression, we hold that a conveyance to three parties two of whom are husband and wife but neither designated as such, shall, in the absence of any language in the conveyance disclosing a contrary intention, be deemed a conveyance of one-third shares. The presumption and even desirability of the qualitative holding arising out of the marital union is not so strong that it may be permitted to affect the quantitative holdings otherwise apparent on the face of the instrument. *But intention is the cardinal and controlling element,* and if intention that the husband and wife shall take as such (i. e. by entireties) sufficiently appears, it will be given effect.[3]

---

[2] In *Estate of Mary R. Vandergrift,* 105 Pa. Superior Ct. 293, 296, 161 A. 898 (1932) the Court said, "It is still the law that where the deed to a husband and wife discloses no intention to create any estate but one by entireties, such an estate is created in the grantees."

[3] At the oral argument counsel for appellee called to our attention the English case of *In re March* (1883), 24 Ch. Div. 222, where the testatrix bequeathed her residuary personal estate "Unto my residual legatee, Charles James Mander, Esq., No. 9, New Square, Lincoln's Inn, London, and James Harris, Esq., and Eliza

The deed before us sufficiently discloses that the grantor intended to convey to Joseph and Matilda Lucas as tenants by the entireties. In neither the *Mauser* nor the *Kleinschmidt* case, cited above, was there any reference to the marital status of the parties. Here the conveyance is to "Francis Lucas, a single man, *and* Joseph Lucas and Matilda Lucas, *his wife*." The words "his wife" cannot be treated as mere surplusage: they occur in context in the classic form for the creation of a tenancy by entireties. The parties must be taken to have considered and given significance to the marital status of two of the grantees.

In *Teacher v. Kijurina,* 365 Pa. 480, 489, 76 A. 2d 197 (1950), Mr. Justice LADNER stated, "In the case before us there is no such indication of intent. Of course it is arguable that the mere use of the words 'his wife' of itself would imply an intent to create an entireties estate. And it is true that if such language without more were used to convey to grantees *who were in fact husband and wife,* an estate by entireties would be created. But we cannot carry the implication of intent that far in a case where the parties are *not mar-*

---

Maria his wife, of Knowle Green, Staines, Middlesex, to and for their own use and benefit absolutely." and it was held that each grantee took a separate one-third share. This decision was disapproved in the case of *In re Jupp* (1888), 39 Ch. Div. 148, where under a devise "*between* my sister Mary Buckwell, Daniel Buckwell, her husband, *and* Harriet Buckwell, her step-daughter, *in equal parts*" (emphasis added) it was held that Mary and Daniel each took *separate* one-fourth interests and Harriet a one-half interest. Both decisions turned principally, if not entirely upon the impact of the English Married Women's Property Act of 1882 upon rules of construction with little if any consideration given to intention. Without discussing the effect of English Married Women's Property Acts on tenancies by the entireties or whether the latter may still subsist as in this Commonwealth, we are satisfied that under our law, where we still recognize tenancy by the entireties, intention should control.

*ried. . .*". In the instant case the two grantees *are* in fact husband and wife and the designation "his wife" sufficiently imports an intention that they shall take as such. Further the conjunction "and", first used, is unnecessary if the parties were intended to take undivided one-third parts; the use of the word "and" separated the grantees into two units (1) Francis and (2) Joseph and Matilda. The same construction was referred to in *Johnson v. Hart,* supra. Finally the designation of Francis Lucas as "a single man" fortifies the conclusion that the deed had specific reference to the marital status of Joseph and Matilda Lucas; that they only took a one-half interest as tenants by the entireties.

The declaratory judgment entered by the court below is hereby vacated and the record is ordered remanded for the entry of a declaratory judgment in accordance with this opinion.