## Kern v. Finnegan

*F. Raymond Heuges*, for plaintiff.

*William O. Napoliello*, for defendants.

WEINROTT, J., November 23, 1959.—Plaintiff's complaint in equity sought a decree ordering a certain agreement, which purported to be a conveyance, stricken from the records of the department of records

and for cancellation of same. The trial chancellor in his adjudication determined that the agreement transforming the ownership of premises 3045 North Lawrence Street, Philadelphia, from a tenancy by the entireties to a tenancy in common was null and void and of no effect.

Exceptions to said adjudication were duly filed by defendants, and this court en banc after hearing argument and upon further consideration of the matter, dismissed said exceptions and entered the decree nisi as a final decree.

On March 18, 1957, plaintiff Walter H. Kern, then 78 years of age, together with his wife who was afflicted with cancer, entered into an agreement which provided in paragraph 2 thereof:

"Premises 3045 North Lawrence Street, Philadelphia, Pennsylvania, from this day henceforth, shall no longer be held by Walter H. Kern and Florence G. Kern, his wife, as tenants by the entirety, but rather each shall own an undivided one-half interest as tenants in common, without the right of survivorship, of the real estate in question to the same force and legal effect as though this had been done by Deed duly executed by the parties and recorded."

Said agreement further provided in the event of the death of Florence G. Kern, the undivided one-half interest established by the agreement should become the sole and separate property of Anna Finnegan, guardian of the person and property of Laura Worrell, for the personal care, use and benefit of the said Laura Worrell. The preamble of the agreement recites the purpose of plaintiff Walter H. Kern and Florence G. Kern, his wife, in executing the writing. They desire to provide for the personal needs of Laura Worrell who is mentally retarded and physically unable to work and care for herself. She is plaintiff's sister-in-law. The agreement at no point defines the nature of the interest

which it raises in Anna Finnegan or Laura Worrell. It states that the one-half interest of Florence G. Kern shall become the sole and separate property of Anna Finnegan, guardian of the person and property of Laura Worrell, for the personal care, use and benefit of the said Laura Worrell, but no provision is made for the disposition of the property after the death of Laura Worrell. There must then be a reversion of the interest in issue to plaintiff or his estate.

Sometime after the death of his wife, Florence G. Kern, on April 2, 1957, plaintiff filed the instant action to set aside the agreement as a cloud on the title.

This court dismissed defendants' exceptions to the adjudication on two grounds. First, for the reason that the agreement between plaintiff husband and his wife did not contain the words, "grant and convey" or either of said words which are deemed effective to pass to the grantee or grantees a fee simple title of the premises conveyed. See Act of April 1, 1909, P. L. 91, sec. 1, 21 PS §2. We do not believe that there is any authority and defendants have cited none to support the position that husband and wife by written declaration of the nature here involved can convert a tenancy by the entireties to one as tenants in common with the same force and legal effect as though it had been done by deed executed by the parties and recorded.

Moreover, the interest allegedly transferred to Anna Finnegan is uncertain. It would appear to be one merely for the lifetime of Laura Worrell and would seem that upon her death, the interest of Florence G. Kern would revert to plaintiff or his estate. The agreement is positive in the event that Laura Worrell predeceases both Walter H. Kern, plaintiff, and Florence G. Kern, his wife, for then the agreement is declared null and void and of no legal effect. Therefore, no apparent intention is present to transfer an interest in the real estate to Anna Finnegan beyond the

lifetime of Laura Worrell. Then too, as a practical matter, what benefit can accrue to Laura Worrell during the lifetime of plaintiff if the transfer were deemed valid? The agreement during the lifetime of plaintiff would impose a cloud on the title without achieving any of the intended benefits to Laura Worrell. Thereafter, there is a possibility of some temporary interest remaining to assist in caring for the needs of Laura Worrell during her lifetime. The agreement thereby works an unreasonable restraint on alienation of the property in the light of the remoteness of its serving the intended purpose.

It is obvious that the effect on the title to this property by the recording of this agreement would be chaotic. Certainly, grantor and grantee cannot merely by their own declaration effectuate the recording of a deed affecting title to property.

In view of the foregoing, we are constrained to hold that the instrument here involved cannot be read to convey a fee simple interest as tenant in common of an undivided one-half interest in the property to either Anna Finnegan or Laura Worrell.

The other ground for sustaining the action of the trial chancellor is the fact that in our opinion the common law rule that a conveyance to husband and wife of an entire estate creates an estate by the entireties even though the habendum clause therein contains specific language to the contrary still prevails. See Stuckey v. Keefe's Executors, 26 Pa. 397, where land conveyed to husband and wife "as tenants in common and not as joint tenants" was held not to create a tenancy in common since there was an absolute incapacity on the part of husband and wife to so hold real property.

There have been no statutory changes affecting this common law principle controlling the attempted conveyance in this case, nor has there been any deviation

from this common law rule where there is present unity of time, title and interest. Blease v. Anderson, 241 Pa. 198, cited by defendants in support of their position is inapposite for a careful examination of that case makes evident the fact that the unities of time, title and interest were not present. In the Blease case, the interest conveyed was an undivided four-fifths or 12/15 interest which was divided 10/15 to the husband and 2/15 to the wife. The wife already owned as her sole and separate property an undivided one-fifth interest. Our Supreme Court, under those circumstances, held that since the deed specifically stated the proportion in which the undivided interest was to be held, the language of the deed must be given effect.

The case of Rinios v. Tritsch, 363 Pa. 127, cited by defendants does contain language which lends weight to defendants' contention; however, close analysis reveals that the only question determined there was whether the doctrine of equitable estoppel was correctly applied. The statement that the habendum clause of the deed to husband and wife reading as tenants in common, and not as joint tenants, did not create a tenancy by the entirety relies upon the case of Blease v. Anderson, supra, and we are not convinced that our highest appellate body has yet overruled the applicable principles set out in the Stuckey case, supra.

In view of the foregoing we have heretofore entered an order dismissing defendants' exceptions and entering as a final decree the decree nisi.

### Order

And now, to wit, June 23, 1959, defendants' exceptions to the adjudication are dismissed, and the decree nisi is entered as a final decree.