**Burns Estate**

*Harry J. Bradley*, for appellant.

*Donald M. McCurdy*, for Commonwealth.

VAN RODEN, P. J., June 3, 1966. — In this appeal from a Pennsylvania inheritance tax appraisement, the court must resolve a problem of interpretation presented by a deed of conveyance to real estate.

The present controversy arises out of the following facts: Viola Jackel Burns died testate on February 2, 1964. At her death, she was a joint owner with a right of survivorship of the premises 347 Harwicke Road, Springfield, Delaware County, Pa. Together with the other joint owners, James Henry Burns, Jr., her son, and Eleanor G. Burns, her son's wife, she purchased the property on August 1, 1956. The deed by which they took title is recorded in the Office of the Recorder of Deeds in and for the County of Delaware in deed book no. 1831, page 84. The deed provides that the premises were conveyed to the joint owners "James H. Burns, Jr. and Eleanore G. Burns, his wife, and Viola J. Burns, widow . . . and the survivor of them and the heirs and assigns of such survivorship as joint tenants and not as tenants in common".

Decedent's estate contends that the quoted language created a joint tenancy with the right of survivorship as and among all three joint owners. On the basis of this interpretation, the executor returned one-third of the value of the property; that is, $5,550.59, as decedent's share therein. The Inheritance Tax Division contends that decedent died owning a one-half share in the aforesaid property, on the theory that the son and daughter-in-law owned the other one-half share as tenants by the entireties. Consequently, the Commonwealth has claimed inheritance tax based on an appraisement of decedent's alleged one-half interest, which was valued at $8,250.

Thus, the controversy seems to resolve itself to

whether upon the death of Viola Jackel Burns, a one-half interest in the said property passed to the survivors, as the Commonwealth contends, or whether a one-third interest passed to them, as the executor for decedent's estate contends.

The Commonwealth urges that the matter at issue is controlled by the case of Heatter v. Lucas, 367 Pa. 296 (1951), where it was held that real property conveyed to "Francis Lucas, a single man, and Joseph Lucas and Matilda Lucas, his wife" created an undivided one-half interest in Francis Lucas, with the remaining one-half interest being held by Joseph Lucas and Matilda Lucas, his wife, as tenants by the entireties.

The executor argues that the present case is controlled by Kleinschmidt Estate, 362 Pa. 353 (1949), where it was held that stocks and bank accounts owned by "Henry F. A. Kleinschmidt, Alice Kleinschmidt and Helen Kleinschmidt as joint tenants with the right of survivorship, and not as tenants in common . . ." created a joint tenancy in which each of the three named persons owned a one-third interest. In that case the joint tenants were husband, wife, and daughter respectively.

With respect to the general principles of law applicable to conveyance of real estate to a husband and wife, the Pennsylvania Supreme Court in Heatter said, at page 300:

". . . In the situation where only the husband and wife are involved this Court has been content to allow the construction that, in the absence of an intention otherwise, the quality of the estate should be deemed one of entireties. In neither the Mauser [Mauser v. Mauser, 326 Pa. 257 (1937)] nor Kleinschmidt cases did we foreclose the question of presumption where the conveyance is to three or more parties, two of whom are husband and wife. An examination of both cases indi-

cates that on their facts there was sufficient to disclose that a tenancy by the entireties was not intended. Considering the matter then as one of first impression, we hold that a conveyance to three parties two of whom are husband and wife but neither designated as such, shall, in the absence of any language in the conveyance disclosing a contrary intention, be deemed a conveyance of· one-third shares . . . *But intention is the cardinal and controlling element*, and if intention that the husband and wife shall take as such (i.e., by entireties) sufficiently appears, it will be given effect".

In Heatter, the court distinguished the Mauser and Kleinschmidt cases as follows:

"In neither the Mauser nor the Kleinschmidt case, cited above, was there any reference to the marital status of the parties. Here the conveyance is to 'Francis Lucas, a single man, *and* Joseph Lucas and Matilda Lucas, *his wife*.' The words 'his wife' cannot be treated as mere surplusage; they occur in context in the classic form for the creation of a tenancy by entireties. The parties must be taken to have considered and given significance to the marital status of two of the grantees": Heatter, supra, at 301.

In the present case, if the phrase "and the survivor of them and the heirs and assigns of such survivor as joint tenants and not as tenants in common" were absent, the designation of the grantee would be practically identical with the designation of the grantees in the Heatter case. The question is whether the presence of the additional language requires that the result in Heatter be modified.

The words added to the designation of the grantee in the present case are not surplusage; they have meaning regardless of whether the cotenants are presumed to have undivided one-third interests in the property or whether the husband and wife have an undivided one-half interest therein, with Viola Jackel Burns, de-

cedent, also having owned such an interest. The additional words articulate the type of cotenancy and the right of survivorship, but they do not indicate what interest each of the cotenants had. Since it is the opinion of this court that the additional words have relevance regardless of which interpretation is placed upon the designation of the grantee, it is the ruling of this court that the quoted clause does not require a different result than that reached by the Pennsylvania Supreme Court in the Heatter case.

ORDER

And now, to wit, June 3, 1966, upon consideration of the briefs submitted by counsel, it is ordered and decreed by this court that the appeal of the estate of the above-captioned decedent is hereby dismissed, and the appraisement of the Commonwealth concerning decedent's interest in the premises 347 Harwicke Road, Springfield, Delaware County, Pa., is hereby sustained.