## Burkert Estate

*Emanuel H. Klein*, for accountants.

SATTERTHWAITE, P. J., November 15, 1966.—. . . The sole question for adjudication requiring consideration is the manner of division of the residuary estate under the terms of the will.

Decedent died on February 28, 1966, leaving a will dated November 1, 1960, whereby, after directing payment of debts and funeral expenses and making certain other presently irrelevant requests, he further provided as follows:

"3. After all expenses are paid the following shall share equally in the balance of my estate

"Charles and Alice Heckman [stating a street address]

"Walter and Ruth Clemmer [stating another street address]

"Clarence and Marian Croman [stating a third street address]

"The Lutheran Church of Boyertown, Pa.

"Point Erial Baptist Church of New Jersey".

Each of the couples so named as legatees was a husband and wife; none was related to decedent. All survived decedent except Marian Croman, who died on September 2, 1962. The question is: Should the estate be divided into seven shares, one for each of the surviving legatees named? Or, should the balance be distributed in equal fifth parts, one for each named couple, plus one for each of the churches?

Notwithstanding the usual presumption raised by the law that a transfer to persons who in fact are husband and wife creates a tenancy by the entireties, it is, nevertheless, competent to effectuate a differing intent and purpose. As an example, the Supreme Court set down the following presently applicable rule in Heatter v. Lucas, 367 Pa. 296, 300 (1951):

" . . . [W]e hold that a conveyance to three parties, two of whom are husband and wife but neither designated as such, shall, in the absence of any language in the conveyance disclosing a contrary intention, be deemed a conveyance of one-third shares. The presumption and even desirability of the qualitative holding arising out of the marital union is not so strong that it may be permitted to affect the quantitative holdings otherwise apparent on the face of the instrument. *But intention is the cardinal and controlling element,* and if intention that the husband and wife shall take as such (i. e. by entireties) sufficiently appears, it will be given effect". (Italics in original.)

The courts have found an intent contrary to the creation of the presumptive entireties estate from the

circumstance, inter alia, that the transfer was to the named parties "share and share alike", "equally", or otherwise indicating a per capita scheme: Loeser's Estate, 2 D. & C. 250 (1922); Coates' Estate, 3 D. & C. 838 (1923); White's Estate, 16 D. & C. 704 (1932); compare Kleinschmidt Estate, 362 Pa. 353 (1949); Weimer Estate, 7 Fiduc. Rep. 365 (1956).

Accordingly, the intention apparent in the form of the within bequest was to divide the residue into eight shares (now seven by the lapse of one interest), each of the named beneficiaries to "share equally". . . .

And now, November 15, 1966, the within adjudication is directed to be filed and is hereby confirmed nisi.