## Silverman Estate

Before BOLGER, LEFEVER, SAYLOR & SHOYER, JJ.

*Brenner & Brenner,* for exceptant.
*Levy Anderson,* contra.

### ADJUDICATION

KLEIN, Adm. J., February 24, 1970.—Irene Silverman died January 30, 1969, leaving a will dated June

10, 1965, and a codicil dated January 21, 1968, but which it is agreed was actually executed January 21, 1969, which were duly probated, and upon which letters testamentary were granted to the accountant on February 3, 1969. Proof of advertisement of the grant of same is annexed. . . .

Testatrix was survived by a spouse, who filed an election to take against the will on February 13, 1969, and by a minor daughter, Adele Iris Katz. . . .

Mr. Brenner, counsel for Martin Silverman, objects to the payment by Mr. Silverman of the funeral bill of Goldstein's Funeral Home in the amount of $1,143.50.

Ordinarily, a provision in the will of a married woman directing payment of the expenses of her last illness and funeral from her estate relieves the husband of his primary liability for these items: Melot's Estate, 231 Pa. 520 (1911). Such direction is, in effect, a legacy to him. If the husband elects to take against his wife's will, the benefit of this exoneration is lost to him, and he is liable for the payment of his wife's funeral costs: Sacharow Estate, 38 D. & C. 2d 646 (1966). The rule is the same even if the husband did not order the funeral: Samuels v. Hirz, 189 Pa. Superior Ct. 492 (1959). Mr. Silverman raises no objection to the reasonableness of the amount of the funeral bill and the same will be deducted from his distributive share: Waesch's Estate, 166 Pa. 204 (1895). . . .

Concerning the question of ownership of the marital domicile, 4758 North Eighth Street, Philadelphia, Pa., it appears that both the estate of decedent and the surviving spouse, Martin Silverman, claim to be the sole owner. At decedent's death, record title to the premises stood in the name of "Martin Silverman and Irene Silverman, his wife." Martin Silverman asserts sole ownership of the property by virtue of his being the surviving tenant to a property that he claims

was owned by himself and his wife as tenants by the entireties. The executor claims ownership of the property for the estate on the basis of an agreement entered into by decedent and her husband prior to their acquiring title.

A stipulation of facts submitted and agreed to by all counsel discloses the following facts:

On May 14, 1965, decedent, then 42 years old and the mother of a 15-year-old daughter by a previous marriage, married Martin Silverman. The marriage was the second marriage for both of them. At the time of decedent's marriage she had in excess of $33,000 in various savings accounts in her own name. On July 12, 1965, decedent and Martin Silverman entered into an agreement of sale to purchase the premises in question for the sum of $10,300. The down payments amounting to $700 were made by decedent with money she withdrew from her account at the Philadelphia Saving Fund Society. On August 9th, just three days before the settlement, decedent and Martin Silverman executed the following agreement:

"The Mutual Agreement

"1. According to agreement of sale from July 12th, 1965, the undersigned Martin Silverman and Irene Silverman, bought the property at 4758 N. 8th Street Philadelphia 41 Penna. for the price $10,300.—

"2. The undersigned make the statement that all money necessary for down payment for this property and also all settlement costs have been covered exclusively from the funds of Mrs. Irene Silverman and therefore only she is sole owner of the above named property and Mr. Martin Silverman has not any pretentions to this property.

"Philadelphia, August 9th 1965.
Martin    Silverman

Witnessed:
(sgd) M Cenko

Irene Silverman"

Settlement for the property was held on August 12, 1965, at which time $6,000 was provided by the Germantown Savings Bank. The balance of the settlement costs amounting to $4,138.55 was paid by decedent from her own property. The deed to the premises given by the sellers designated the grantees as "Martin Silverman and Irene Silverman, his wife." The recital in the mortgage given to Germantown Savings Bank and signed by decedent and Martin Silverman stated that the premises subject to the mortgage were the same premises which the grantors had conveyed on August 12, 1965, to "Martin Silverman and Irene Silverman, his wife, as tenants by the entireties."

Thereafter, decedent, Martin Silverman, and decedent's minor daughter lived in the premises. Mr. Silverman paid most but not all of the monthly mortgage payments and the water and sewer rents and real estate taxes. The monthly payments on the mortgage which included an escrow for taxes amounted to $62.50.

Ordinarily, under Pennsylvania law a conveyance to husband and wife creates a tenancy by the entireties.

The rule concerning the formation of a tenancy by the entireties in Pennsylvania is succinctly stated by the Supreme Court in Brenner v. Sukenik, 410 Pa. 324, 330 (1963):

"A conveyance of real or personal property to a husband and wife *without more*, vests in them an estate by the entireties with all legal incidents: Madden v. Gosztonyi Savings and Trust Co., 331 Pa. 476, 200 A. 624 (1938). However, intention is the cardinal and

controlling element and if it is the intention of the parties to create an estate other than by entireties, such intention will be given effect: Heatter v. Lucas, 367 Pa. 296, 80 A. 2d 749 (1951); Blease v. Anderson, 241 Pa. 198, 88 A. 365 (1913). There is presently no legal interdiction which restrains the creation of an estate in a husband and wife other than that of tenants by the entireties; Heatter v. Lucas, supra; 132 A.L.R. 643, 644."

Counsel for the surviving husband asserts that a tenancy by the entireties was created and that the property passed by the operation of law at his wife's death. He further asserts that the deed of conveyance and the bond and mortgage executed by the husband and wife are evidence of intention to create a tenancy by the entireties and that because they postdate the agreement of August 9th, they are controlling and the court may not look beyond them to determine the intent of the parties. I cannot agree.

The purchase of a piece of real estate is, from its inception as evidenced by the signing of an agreement of sale to its conclusion at settlement, one continuous transaction. I find as a matter of law that the transaction must be considered as a single continuing transaction from the date of the signing of the agreement of sale through the settlement.

Furthermore, in transactions between husband and wife, particularly where it is the second marriage and the wife has a minor child and property of her own, all agreements between them must be construed in a benign spirit favorable to the wife and technical rules of construction are not to be involved to deprive the wife of the protection which the law gives her: Loeffler's Estate, 277 Pa. 317, 325 (1923).

The rule of law applicable to transfers between a husband and wife in Pennsylvania is clear. Where a husband transfers his property without consideration,

the law presumes that a gift to the wife was intended. In contrast, the judicial mind presumes that a transfer from wife to husband, without consideration, creates a trust for the wife rather than a gift: Werle v. Werle, 332 Pa. 49 (1938); Loeffler's Estate, 277 Pa. 317, 326 (1923); Raub's Estate 286 Pa. 575, 577 (1926). The presumption arises from the necessity to protect the wife from possible overreaching on the part of the husband in dealing with his wife's property.

The Supreme Court of Pennsylvania has said: "The law looks with such extreme jealousy upon all transactions in which a husband deals with the estate of his wife that it will, upon very slight evidence, cast upon him the burden of showing that he has derived no advantage from such transactions, and whenever it appears that by any circuity he has obtained the legal title to any part of her estate without her free consent affirmatively shown, it will declare him a trustee' ": Loeffler's Estate, 277 Pa. 317, at 325 (1923), quoting from Nichols v. Nichols, 149 Pa. 172.

There is no evidence which rebuts the presumption of a trust which the law creates. On the contrary, the evidence is clear that the parties intended decedent to be the sole owner of the property.

Although the agreement of August 9, 1965, lacks the quality of precise legal draftsmanship, it clearly shows the intention of the parties in this case.

The agreement entered into a mere three months after her marriage to Mr. Silverman was for the protection of decedent and her minor child. Unless the intention of the agreement was that the beneficial title to the premises was to be in decedent's name alone, the agreement is meaningless. I find as a fact that the intention of the parties was that decedent, Irene Silverman, was the sole owner of premises 4758 North 8th Street, Philadelphia, Pa. Furthermore, the fact that decedent supplied the consideration for the

premises gives effect to the declaration in the agreement.

The fact that Martin Silverman signed the mortgage and bond and made several payments thereon does not alter the conclusion that decedent was the sole owner. Mr. Silverman had the benefit of the use of the property as his home and the legal obligation to provide a home for his wife. The payments on the mortgage were less than would have been required if the parties had been living in an apartment.

I am fortified in the conclusion by the knowledge that equity will be done by the result and that instead of the husband receiving the property outright, he will share it with decedent's minor daughter.

Therefore, I conclude that Irene Silverman was, at her death, the sole owner of premises 4758 North Eighth Street and that the property must be included in her estate. The award thereof will be made hereinafter . . .

The account does not include a value for the premises 4758 North Eighth Street, Philadelphia, Pa. However, pursuant to the finding that decedent was the sole owner of the property, it is awarded at the value as finally determined for Pennsylvania inheritance tax purposes in equal one-half shares to Martin Silverman, his heirs and assigns, and to Levy Anderson, trustee for Adele Iris Katz, a minor. . . .

And now, February 24, 1970, the account is confirmed nisi.

## OPINION SUR EXCEPTIONS

PER CURIAM, May 6, 1970.—The exceptions relate to the award of the marital residence to the estate of decedent. The facts concerning this property have been stipulated and need not be repeated herein.

We have examined the record and are unanimously of the opinion that the auditing judge was correct for the reasons stated in the adjudication.

The exceptions are dismissed and the adjudication is confirmed absolutely.